IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ISMAEL PADILLA, #356764, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 3:11-CV-2232-M (BK) |
| | § | |
| DISTRICT ATTORNEY CRAIG WATKINS, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was automatically referred to the United States Magistrate Judge for pretrial management. For the reasons that follow, it is recommended that the request for DNA testing be dismissed without prejudice for lack of jurisdiction, and that the remaining claims be dismissed with prejudice as frivolous.

**I. BACKGROUND**

Plaintiff, a Texas State Inmate, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, against Dallas County District Attorney Craig Watkins, seeking DNA testing in connection with his 1983 rape conviction. The Court granted Plaintiff's motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. The Court then filed a questionnaire, to obtain information about the factual basis of the complaint.[1]

---

[1] In 1983, Plaintiff was convicted of aggravated rape and aggravated robbery with a deadly weapon, and was sentenced to twenty and fifty years' imprisonment, respectively. *See State v. Padilla*, Nos. F82-90746 and F83-88766 (203rd Judicial District Court, Dallas County 1983). He unsuccessfully challenged his rape conviction in state and federal habeas proceedings. *See Padilla v. Johnson*, 3:90-CV-1359-D (N.D. Tex. 1991) (denying habeas relief), *certificate of probable cause denied*, No. 91-7222 (1991).

In his complaint, Plaintiff requests monetary damages and declaratory and injunctive relief ordering the District Attorney to test "all biological evidence" related to his rape conviction in Cause No. F82-90756. (Doc. 2 at 4; Doc. 9 at 7.) Although Plaintiff concedes filing prior motions for DNA testing and having a pair of panties tested, he claims "still other evidence [remains] untested." (Doc. 9 at 2; Doc. 15, ans. 2.) He admits that in August 2006, the trial court denied his last post-conviction motion for DNA testing and that, because he did not timely appeal, his appeal was subsequently dismissed for want of jurisdiction. (Doc. 15, ans. 2). *See also Padilla v. State*, No. 05-10-00308-CR (Tex App. – Dallas, Apr. 21, 2010).[2]

In connection with the prior denials of DNA testing, Plaintiff alleges he "was harmed by not being protected by the state appointed attorney; [he] was harmed by not having the evidence tested and prove [he] did not rape this female. The state and the Public Defender [sic] office caused . . . [him] inadequate representation and wrongful conviction." (Doc. 15, ans. 3) He also claims that a "conspiracy was in action between the 'Dallas Public Defenders Office, its attorneys, Judges and prosecutors, as well as the Southwestern Institute of Forensic Sciences at Dallas' and the Texas Court of Criminal Appeals, all refusing to provide due process and equal protection of the laws to the petitioner." *Id.*

## II. DISCUSSION

Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(b). That statute provides for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.

---

[2] The Court confirmed the prior denials of DNA testing on the Dallas County website.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.

The Court liberally construes Plaintiff's filings with all possible deference due a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (allegations of *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers). Even under this most liberal construction, the complaint should be dismissed as frivolous.

**A.     Request for DNA testing under 2011 Amendments**

Plaintiff requests to compel the District Attorney to conduct DNA testing of all evidence connected to his 1983 rape conviction. His pleadings do not specify the statutory provision under which he seeks relief. However, effective September 1, 2011, the Texas Legislature amended Article 64.01(b) to provide for forensic DNA testing of "evidence containing biological material" that (1) "was not previously subjected to DNA testing; or (2) although previously subjected to DNA testing, can be subjected to testing with newer testing techniques that provide a reasonable likelihood of results that are more accurate and probative than the results of the previous test." In light of Plaintiff's *pro se* status, the Court liberally construes the complaint to seek DNA testing under Article 64.01(b) as amended in 2011.

1.     <u>Standing</u>

Article III of the United States Constitution limits federal courts' jurisdiction to "cases" and "controversies." U.S. Const. Art. III § 2. Standing -- the requirement that the plaintiff has a direct, personal stake in the outcome of the suit -- is an "essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555,

560 (1992). "The federal courts are under an independent obligation to examine their own jurisdiction, and standing is perhaps the most important of [the jurisdictional] doctrines." *United States v. Hays*, 515 U.S. 737, 742 (1995); *see also Doe v. Tangipahoa Parish School Bd.*, 494 F.3d 494, 496 n. 1 (5th Cir. 2007) (standing is a jurisdictional requirement and not subject to waiver).

To satisfy standing, a plaintiff must establish that "he has suffered 'injury in fact,' that the injury is 'fairly traceable' to the actions of the defendant, and that the injury will likely be redressed by a favorable decision." *Bennett v. Spear*, 520 U.S. 154, 162 (1997) (cited cases omitted). An injury in fact must be "concrete and . . . actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560 (quotations and quoted case omitted). Moreover, "the injury must affect the plaintiff in a personal and individual way." *Id.* n. 1.

In this case, Plaintiff has yet to file a motion requesting DNA testing or appointment of counsel under Art. 64.01, as amended in 2011. His pleadings confirm (1) his last motion for DNA testing was filed in 2005, (2) that while a pair of panties was tested, the result was not in his favor, and (3) the court conclusively denied his last request for DNA testing in 2006. (Doc. 15, ans. 2.) Having failed to seek DNA testing under the 2011 amendments, Plaintiff cannot establish that he "has suffered 'injury in fact,' that the injury is 'fairly traceable' to the actions of the defendant, and that the injury will likely be redressed by a favorable decision." *Bennett*, 520 U.S. at 162. Therefore, Plaintiff's request for DNA testing should be dismissed without prejudice for lack of jurisdiction.[3]

---

[3] The Court confirmed telephonically with the Dallas County District Clerk and Public Defender's office that no motion requesting appointment of counsel or DNA testing under Art. 64.01 is presently pending in connection with Plaintiff's 1983 rape conviction.

B.     **Prior Requests for DNA testing**

To the extent Plaintiff seeks to raise a constitutional claim stemming from the 2001, 2003, and 2005 requests for DNA testing and the 2006 denial, his claims are time barred. More than two years have elapsed since the events giving rise to his claims occurred. *See Owens v. Okure*, 488 U.S. 235, 249-50 (1989) (state forum's personal injury statute of limitations applies in section 1983 cases); *Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006) (section 1983 actions in Texas are governed by the two-year personal injury limitations period; court can raise affirmative defense of statute of limitations *sua sponte* in *in forma pauperis* actions); Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (West 2012). Therefore, these claims lack an arguable basis in law and should be dismissed with prejudice as frivolous.

C.     **Conspiracy**

Plaintiff's conspiracy allegations, raised for the first time in answer to the questionnaire, are also barred by the two-year statute of limitations. Even if timely, his allegations are conclusory at best and should be dismissed with prejudice as frivolous. Plaintiff fails to plead the operative facts on which his claim is based. (Doc. 15, ans. 3) A claim for civil conspiracy requires allegations of facts sufficient to show that there was an agreement between the defendant and others to inflict a wrong or injury upon the plaintiff and an overt act that results in damages. *Crowe v. Lucas*, 595 F.2d 985, 993 (5th Cir. 1979). Here, Plaintiff's pleadings are totally devoid of any allegation of facts which would permit an inference that Defendant conspired in any way to deprive Plaintiff of his constitutional rights. *See Hale v. Harney*, 786 F.2d 688, 690 (5th Cir. 1986). "'Mere conclusory allegations of conspiracy cannot, absent reference to material facts,' state a substantial claim of federal conspiracy under 42 U.S.C. § 1983." *Id.* (quoting *Arsenaux v.*

*Roberts*, 726 F.2d 1022, 1024 (5th Cir. 1982)).

### III.  RECOMMENDATION

For the foregoing reasons, it is recommended that Plaintiff's request for DNA testing under Art. 64.01 be **DISMISSED** without prejudice for lack of jurisdiction, and that his remaining claims be **DISMISSED** with prejudice as frivolous.  *See* 28 U.S.C. § 1915(e)(2)(B).

SIGNED February 2, 2012.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE