IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ISMAEL PADILLA, #356764,  Plaintiff, | § § § | |
| v. | § § | 3:11-CV-2232-M (BK) |
| DISTRICT ATTORNEY CRAIG WATKINS,  Defendants. | § § § § | |

### ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge made Findings, Conclusions and a Recommendation in this case. Plaintiff filed objections, and the District Court has made a *de novo* review of those portions of the proposed findings and recommendation to which objection was made. Plaintiff's objections are lengthy and difficult to decipher. He appears to request DNA attesting on the basis of a motion and a supplemental motion for DNA testing, which he submitted to the Dallas County District Court Clerk for filing in February and May 2011. It is unclear whether the Clerk received and filed the motions. Even if filed, the motions long preceded September 1, 2011, the effective date of the amendments to the DNA testing statute and, thus, cannot be deemed to have been filed under the 2011 amendments.[1]

To satisfy standing, a plaintiff must establish that "he has suffered 'injury in fact,' that the injury is 'fairly traceable' to the actions of the defendant, and that the injury will likely be

---

[1] Effective September 1, 2011, the Texas Legislature amended Article 64.01(b) to provide for forensic DNA testing of "evidence containing biological material" that (1) "was not previously subjected to DNA testing; or (2) although previously subjected to DNA testing, can be subjected to testing with newer testing techniques that provide a reasonable likelihood of results that are more accurate and probative than the results of the previous test."

redressed by a favorable decision." *Bennett v. Spear*, 520 U.S. 154, 162 (1997) (cited cases omitted). Because Plaintiff has not sought DNA testing in state court since September 2011, he cannot satisfy standing to sue under the 2011 amendments to the DNA testing statute, and the Court lacks jurisdiction over his claims. Plaintiff's other claims are barred by limitations. Accordingly, Plaintiff's objections are overruled, and the Court **ACCEPTS** the Findings, Conclusions and Recommendation of the United States Magistrate Judge.

The Court **CERTIFIES** that any appeal of this action would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3). In support of this finding, the Court adopts and incorporates by reference the Order accepting the findings, conclusions and recommendation of the magistrate judge. *See Baugh v. Taylor*, 117 F.3d 197, 202 n.21 (5th Cir. 1997). Based on the above Order, the Court finds that any appeal of this action would present no legal point of arguable merit and would, therefore, be frivolous. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).

SO ORDERED this 29th day of March, 2012.

_____
BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS